**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-03877 |

**Declaration of Faye Yifei Deng**

I, Faye Yifei Deng, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the States of California and New York and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff Hexin Holding Limited ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. Offshore e-commerce store operators offering for sale infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my over two years of experience in infringement investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, hundreds of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. An investigation of the e-commerce stores operating under the Seller Aliases identified in the Schedule A to the Complaint shows that few, if any, provide a physical address on the e-commerce store. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as Temu and TikTok when registering their account. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the ecommerce store operator is located. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants.

4. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

5. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China. I located an English language version of the current Civil Procedure Law of China, which was adopted on April 9, 1991. A true and correct copy of the translation of the Civil Procedure Law of China downloaded from Chinalaw.cc is attached hereto as **Exhibit 2**. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by email and allows for alternate service of process in certain circumstances. For example, Article 84 of the law provides that,

if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th Day of April 2026 in Los Angeles.

*/s/ Faye Yifei Deng*
Faye Yifei Deng