# EXHIBIT 2

This is an unofficial translation from www.chinalaw.cc/lib/library/Laws_regulations

# Civil Procedure Law of the People's Republic of China

(Adopted by the Fourth Session of the Seventh National People's Congress on April 9, 1991, promulgated by the Order No 44 of the President of the People's Republic of China, and effective on the date of its promulgation)

**Content**

**Part One General Provisions**

**Chapter I Aim, Scope of Application and Basic Principles**
**Chapter II Jurisdiction**

**Section 1 Jurisdiction by Level**
**Section 2 Territorial Jurisdiction**
**Section 3 Referral and Designation of Jurisdiction**

**Chapter III Trial Organization**
**Chapter IV Withdrawal**
**Chapter V Participants in Proceedings**

**Section 1 Parties**
**Section 2 Agents ad litem**

**Chapter VI Evidence**
**Chapter VII Time Periods and Service**

**Section 1 Time Periods**
**Section 2 Service**

**Chapter VIII Conciliation**
**Chapter IX Property Preservation and Preliminary Execution**
**Chapter X Compulsory Measures against Impairment of Civil Actions**
**Chapter XI Litigation Costs**

**Part Two Trial Procedure**

**Chapter XII Ordinary Procedure of First Instance**

**Section 1 Initiating An Action and Accepting a Case**
**Section 2 Preparations for Trial**
**Section 3 Trial in Court**
**Section 4 Suspension and Termination of an Action**
**Section 5 Judgment and Order**

**Chapter XIII Summary Procedure**
**Chapter XIV Procedure of Second Instance**
**Chapter XV Special Procedure**

**Section 1 General Stipulations**

**Section 2 Cases Concerning the Credentials of Voters**
**Section 3 Cases Concerning the Proclamation of a Person as Missing or Dead**
**Section 4 Cases Concerning the Determination of a Citizen as Incompetent or with Limited Capacity for Civil Conduct**
**Section 5 Cases Concerning the Determination of a Property as Ownerless**

**Chapter XVI Procedure for Trial Supervision**
**Chapter XVII Summary Procedure for Recovering a Debt**
**Chapter XVIII Procedure for Public Invitation to Assert Claims**
**Chapter XIX Procedure for Debt Repayment after Bankruptcy of Enterprises as Legal Persons**

**Part Three Procedure of Execution**

**Chapter XX General Stipulations**
**Chapter XXI Application for and Referral of Execution**
**Chapter XXII Execution Measures**
**Chapter XXIII Suspension and Conclusion of Execution**

**Part Four Special Stipulations on Civil Procedures Involving Foreign Interests**

**Chapter XXIV General Principles**
**Chapter XXV Jurisdiction**
**Chapter XXVI Service and Time Periods**
**Chapter XXVII Property Preservation**
**Chapter XXVIII Arbitration**
**Chapter XXIX Judicial Assistance**

## Part One General Provisions

### Chapter I Aim, Scope of Application and Basic Principles

**Article 1**
The Civil Procedure Law of the People's Republic of China is enacted on the basis of the Constitution and in line with the experiences and actual conditions of our country in trying civil cases.

**Article 2**
The aim of the Civil Procedure Law of the People's Republic of China is to protect the exercise of the litigation rights of the parties, ensure that the people's courts ascertain facts, distinguish right from wrong, apply the law correctly, try civil cases promptly, affirm the relations of civil rights and obligations, punish acts violating civil law, protect the lawful rights and interests of the parties, educate citizens to voluntarily abide by the law, maintain the social order and economic order, and guarantee the smooth progress of the cause of the socialist construction.

**Article 3**
The provisions of this Law shall be applicable to civil lawsuits concerning disputes over the property relations and the relations of persons between citizens, between legal persons and between other organizations as well as among citizens, legal persons and other organizations.

**Article 4**
Whichever engages in civil lawsuits within the territory of the People's Republic of China must abide by this Law.

**Chapter VII Time Periods and Service**

**Section 1 Time Periods**

**Article 75**
Time periods shall include those prescribed by law and those designated by the people's court.

Time periods shall be calculated by the hour, the day, the month and the year. The hour and day from which a time period begins shall not be counted as within the time period.

If the expiration date of a time period falls on a holiday, then the day immediately following the holiday shall be regarded as the expiration date of the time period.

A time period shall not include traveling time, a litigation document that is mailed before the expiration of a time limit shall not be regarded as overdue.

**Article 76**
If a party fails to meet a deadline due to force majeure or for other justified reasons, the party may apply for an extension of the time limit within 10 days after the obstacle is eliminated, whether or not an extension shall be granted shall be decided by the people's court.

**Section 2 Service**

**Article 77**
A receipt shall be required for every litigation document that is served, and the recipient of the service shall sign or affix his or her seal to it and the date of receipt.

The date of receipt as signed by the recipient of the service shall be regarded as the date on which the document is served.

**Article 78**
Litigation documents shall be served directly to the recipient of the service. If the recipient of the service is a citizen, the documents shall, in the case of his or her absence, be received by an adult member of his or her family living with him or her; if the recipient of the service is a legal person or any other organization, the document shall be received by the legal representatives of the legal person or the principal persons in charge of any other organization or the persons of the legal person or any other organization in charge of receiving such documents; if the recipient of the service has an agent ad litem, the documents may be served to the agent ad litem; if the recipient of the service has designated an agent to receive his or her litigation documents and has informed the people's court of it, the documents may be received by the agent.

The date of receipt as signed by the adult family member living with the recipient of service, or persons in charge of receiving documents of legal persons or other organizations, or agents ad litem, or agents designated by a party to receive his or her documents shall be regarded as the date on which the document is served.

**Article 79**
If the recipient of the service of a litigation document or the adult family member living with him or her refuses to accept a legal document, the person serving the document shall ask representatives from the relevant grassroots organization or the unit to which the recipient of the service belongs to be present at on the scene, explain the situation to them, and record on the receipt the particulars of the refusal and the date, after the person serving the document and the witnesses have affixed their signatures or seals to the receipt, the document shall be left at the place where the recipient of the service stays and the service shall be considered completed.

**Article 80**
If direct service of a litigation document proves to be difficult, service of the document may be entrusted to another people's court, or it may be served by post. If a document is served by post, the date as marked on the receipt shall be regarded as the date on which the document is served.

**Article 81**
If the recipient of the service is in the military, the document shall be forwarded to him or her by the political affairs organ at or above the regimental level in the unit to which he or she belongs.

**Article 82**
If the recipient of the service is undergoing imprisonment, the document shall be forwarded to him or her by the prison or unit of reform through labor where he or she is serving his or her term.

If the recipient of the service is undergoing rehabilitation through labor, the document shall be forwarded to him or her by the unit supervising his or her rehabilitation through labor.

**Article 83**
Any organization or unit that receives a litigation document to be forwarded must immediately deliver it to the recipient of the service for a receipt. The date as marked on the receipt shall be regarded as the date on which the document is served.

**Article 84**
If the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods stipulated by this Section, the document shall be served by public announcement. Sixty days after the date of the public announcement, the document shall be deemed to have been served.

The reasons for service by public announcement and the procedures taken shall be recorded in the case files.

**Chapter VIII Conciliation**

**Article 85**
The people's court shall, in handling civil cases, distinguish between right and wrong and conduct conciliation under the principle of voluntariness of the parties and on the basis of evident facts.

**Article 86**
When a people's court conducts a conciliation, a single judge or a collegial panel may preside, and conciliation¡¯s shall be conducted locally whenever possible.

When a people's court conducts a conciliation, it may employ simplified methods to notify the parties and witnesses to appear in court.

**Article 87**
When a people's court conducts a conciliation, it may request the assistance of units or individuals concerned. The requested units or individuals shall assist the people's court in conducting the conciliation.

**Article 88**
A conciliation agreement must be based on voluntariness of both parties, and shall not be reached through compulsion. The content of the conciliation agreement may not violate the provisions of the law.

**Article 89**
When a conciliation agreement is reached, the people's court shall draw up a conciliation statement. A conciliation statement shall clearly set forth the claims of the action, the facts about the case, and the result of the conciliation.