**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 26-cv-03877<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Jeannice W. Appenteng |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Hexin Holding Limited ("Plaintiff") respectfully submits this memorandum in support of its Motion for Entry of Default and Default Judgment pursuant to Fed. R. Civ. P. 55 against all remaining Defendants identified on Schedule A attached hereto as Exhibit 1[1] (the "Defaulting Defendants"). Plaintiff seek default judgment based on the Defaulting Defendants' infringement of Plaintiff's copyrighted works protected under U.S. Copyright Registration Nos. VA 2-425-485, VA 2-432-905, VA 2-403-287, VA 2-412-761, VA 2-431-239, and VA 2-477-750.

## STATEMENT OF FACTS

Hexin is a prominent designer of shapewear for women and distributes its shapewear throughout the U.S. and the world and built direct-to-consumer global brands. Complaint [1] at ¶ 6. Hexin offers styles that make women look and feel confident and aim to build movements around confidence and women empowerment and changed the shapewear industry. *Id.* Hexin is consistently ranked as top seller on online ecommerce platforms. *Id.*

[1] "Defaulting Defendants" as used herein include all Defendants listed on Schedule A that have not been dismissed or excepted. The Schedule A is attached to this Memorandum as Exhibit 1 and Plaintiff's proposed Default Judgment Order.

Some of Hexin's copyrighted works include photographs registered with the United States Copyright Office under Registration Numbers VA 2-425-485, VA 2-432-905, VA 2-403-287, VA 2-412-761, VA 2-431-239, and VA 2-477-750 (the "Hexin Works"). *Id.* at ¶ 8.

Defaulting Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule A. *Id.* at ¶ 18. Defaulting Defendants have advertised, promoted, offered for sale, and sold shapewear products using Hexin Works (the "Infringing Products"). *Id.* at ¶ 28. Each Defaulting Defendant directs business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this Judicial District through the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their Seller Aliases. *Id.* at ¶ 2. Additional factual assertions regarding Defaulting Defendants in Paragraphs 13-29 of the Complaint are incorporated herein. *Id.* at ¶¶ 13-29.

Plaintiff filed this action on April 07, 2026. [1]. On April 20, 2026, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [16], extended the TRO and converted the TRO to a Preliminary Injunction [24, 33]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defaulting Defendants by electronically publishing a link to the Complaint, the TRO, and other relevant documents on a website and sending an e-mail to the e-mail addresses provided for Defaulting Defendants by third parties that includes a link to said website. [16] at ¶ 7. Defaulting Defendants were properly served on May 13, 2026. [28]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Faye Yifei Deng (the "Deng Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff moves this Court for an Order entering default and default judgment finding that the Defaulting Defendants are liable on Count I copyright infringement of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff

further seeks an award of statutory damages against the Defaulting Defendants as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq*., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C.§ 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff' business within this Judicial District. *See* [1] at ¶ 2; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold and shipped Infringing Products to consumers in the United States, including the State of Illinois. [11]. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. [1] at ¶ 2. *See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see also Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 07, 2026, Plaintiff filed its Complaint alleging federal copyright infringement pursuant to 17 U.S.C. § 501 (Count I). [1]. The Defaulting Defendants were properly served with the Complaint on May 13, 2026. [28]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Deng Declaration at ¶ 2. On information and belief, none of the Defaulting Defendants is an active-duty member of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

At least twenty-one (21) days have passed since Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. § 504(c)(2) for willful copyright infringement. See Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from offering for sale and selling the Infringing Products.

**A. Copyright Infringement**

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyrights in Hexin Works. [1] at ¶¶ 8, 31. Plaintiff alleged in the Complaint that Hexin Works have been infringed and submitted evidence pertaining to Defaulting Defendants' infringement. *Id.* at ¶¶ 31-38; [11]. Since the Defaulting Defendants have failed to respond or otherwise pled in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for willful copyright infringement against the Defaulting Defendants.

**B. Statutory Damages Are Appropriate**

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that

his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights. *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2004 U.S. Dist. LEXIS 22563, at *19-20. Knowledge need not be proven directly but can be inferred from a defendant's conduct. *Id.*

Here, the Defaulting Defendants competed directly with Plaintiff by offering Infringing Products for sale over the internet on online marketplaces like Temu and TikTok, where Plaintiff markets its own products and millions of American consumers shop. *See* Exhibit 2 to Juan Yang Declaration. [11]. Courts in this District have recognized the ability for online marketplace sellers to reach a vast customer base and factored this wide market exposure into the statutory damage calculation. *See Monster Energy Company*, 2015 U.S. Dist. LEXIS 86956, at *11 (holding that AliExpress "is a busy website that provides the potential to reach a vast customer base."). Defaulting Defendants have unlawfully displayed, offered to sell, and sold Infringing Products bearing infringing versions of Plaintiff's federally protected copyrights to millions of U.S. consumers on Temu and TikTok. [1] at ¶ 34.

Plaintiff's request for statutory damages should be given favorable consideration in view of the Defaulting Defendants' piracy operation, wide market exposure, and ability to reach a vast customer base over the internet. Additionally, the remedy imposed under the statute must provide a sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, at 1348. The harm a swarm of infringers located

in Asian countries and selling illegal products on online marketplaces like TikTok and Temu can inflict upon a copyright owner cannot be overstated. This Court has the discretion to dictate what message it wants to send to the swarms of infringers of Hexin Works. Awarding a statutory amount of thirty thousand dollars ($30,000) sends a clear and strong message that intellectual property rights are important and will be protected, and that infringement of these rights will not be tolerated.

Here, Defaulting Defendants had knowledge that their activities constituted infringement or at least a reckless disregard of Plaintiff's rights in Hexin Works because Defaulting Defendants are intentionally promoting, advertising and selling the Infringing Products using Hexin Works on the same online marketplace platforms. Thus, Plaintiff's request for a statutory damages award of thirty thousand dollars ($30,000) against each of the Defaulting Defendants for willful copyright infringement of Hexin Works is appropriate. *See, e.g., Hexin Holding Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 25-cv-03743 (N.D. Ill. June 18, 2025).

Plaintiff's request for statutory damage is supported by two factors, one is the annual licensing fee that Plaintiff typically charges with a royalty payment for sales volume, and another being the average infringing sales by each Defaulting Defendant provided by Temu and TikTok (the "Third-party platforms"). Plaintiff has a number of authorized retailers that target the North American market and charges an annual licensing fee ranging from $10,000 to $15,000 with a 15% royalty payment for sales volume. Deng Declaration at ¶ 4. Another factor that supports Plaintiff's request for statutory damages is the average sales realized by each Defaulting Defendant. The Third-party platforms have reported $348,852.51 in infringing sales for the seven (7) Defaulting Defendants, resulting in an average of $49,836.07 per Defaulting Defendant. *Id.* If the Defaulting Defendant had approached Plaintiff for a license to sell products bearing Hexin Works, the fees received by Plaintiff would be at least $15,000 licensing fee plus $7,475 ($49,836.07 x 15%) in royalty, totaling $22,475 per Defaulting Defendant. *Id.* Plaintiff respectfully requests that the Court award statutory damages of $30,000.

## IV. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff' rights in its copyrights, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g., Hexin Holding Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 25-cv-03743 (N.D. Ill. June 18, 2025); *Hexin Holding Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 24-cv-12753 (N.D. Ill. Fed. 11, 2025)

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of thirty thousand dollars ($30,000) against each of the Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2), and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and transferring all assets in Defaulting Defendants' financial accounts operated by TikTok and Temu, up to $30,000, to Plaintiff.

Date: July 31, 2026

Respectfully submitted,

*/s/ Faye Yifei Deng*

Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us

*Attorney for Plaintiff Hexin Holding Limited*