**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

HEXIN HOLDING LIMITED,

Plaintiff,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 26-cv-03877

Judge Jorge L. Alonso

Magistrate Judge Jeannice W. Appenteng

**Declaration of Faye Yifei Deng**

I, Faye Yifei Deng, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the States of California and New York and the United States District Court for the Northern District of Illinois. I am the attorney for Plaintiff Hexin Holding Limited ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as witness, I could and would competently testify as follows:

2. I hereby certify that the Defaulting Defendants (as defined in the accompanying Memorandum) have failed to answer or otherwise plead in this action within the allotted time in violation of Federal Rule of Civil Procedure 12(a)(1)(A). By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every domain name, online marketplace account and/or financial account used by Defaulting Defendants, including the owner(s) and/or operator(s) of each e-commerce store; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five (5) years relating to the sale of the Infringing Products; or (3) relating to each and every purchase that Defaulting

Defendants have made relating to the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the Infringing Products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and investigation records regarding purchase of the Infringing Products, including the identity of the person(s) responsible for such investigation.

3. My office investigated the infringing activities of the Defaulting Defendants, including attempting to identify the registrant of each associated e-commerce store operating under the Seller Aliases and its contact information. Our investigation confirmed that the Defaulting Defendants are primarily domiciled in China. As such, I am informed and believe that the Defaulting Defendants are not active-duty members of the U.S. armed forces.

4. Plaintiff has a few authorized retailers that target the North American market and charges an annual licensing fee ranging from $10,000 to $15,000 with a 15% royalty payment for sales volume. Another factor that supports Plaintiff's request for statutory damages is the average sales realized by each Defaulting Defendant. The Third-party platforms have reported $348,852.51 in infringing sales for the seven (7) Defaulting Defendants, resulting in an average of $49,836.07 per Defaulting Defendant. If the Defaulting Defendants had approached Plaintiff for a license to sell products bearing Hexin Works, the fees received by Plaintiff would be $15,000 licensing fee plus $7,475 ($49,836.07 x 15%) in royalty, totaling $22,475 per Defaulting Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31st day of July 2026 in Los Angeles.

*/s/ Faye Yifei Deng*

Faye Yifei Deng